# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAHVAY HARRIS,

    Petitioner,

:

Case No. 1:09-cv-712

:

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

   -vs-

WARDEN, Lebanon Correctional
  Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits of the Petition (Doc. No. 1). On the Court's order, Respondent has filed a Return (Doc. No. 9) and Petitioner has filed a Reply (Doc. No. 11). Also ripe for decision is Petitioner's Motion for Summary Judgment (Doc. No. 12) which Respondent opposes (Doc. No. 13).

Petitioner was convicted in the Hamilton County Common Pleas Court of nonsupport of dependents in Case B-0410008, of having weapons under disability in Case B-0502023, and of several felony drug offenses and possession of criminal tools in B-0505687 and sentenced to a total of 21.5 years imprisonment. His direct appeals from these convictions were consolidated and he presents claims on the latter two convictions together in the Petition here.[2]

Petitioner pleads the following grounds for relief:

---

[2]Technically, a habeas petition is only supposed to address one conviction, but Respondent has raised no objection and is not prejudiced by the continuing consolidation.

> **Ground One:** Ineffective assistance of trial counsel in violation of Sixth and Fourteenth Amendments.
>
> **Supporting Facts:** Trial counsel was ineffective where he failed to argue police perjury in securing search warrant and failed to allocute[3] Petitioner's sentences.
>
> **Ground Two:** Ineffective assistance of appellate counsel in violation of Sixth and Fourteenth Amendment.
>
> **Supporting Facts:** Appellate counsel failed to cite trial counsel's ineffectiveness relevant to the police using perjury to secure search warrant and failure to allocute[1] Petitioner's sentence.
>
> **Ground Three:** Conviction and sentence for having weapons under disability secured in violation of Fourteenth Amendment due process clause.
>
> **Supporting Facts:** Petitioner's conviction and sentence for having weapons under disability is void because indictment fails to charge mens rea element and therefore charge depriving Petitioner of notice of the charges and right to be indicted by the Grand Jury.
>
> **Ground Four:** State court sentence imposed in violation of due process clause, U.S. Constitution.
>
> **Supporting Facts:** State trial court imposed more than minimum and concurrent sentences for sentencing elements that Petitioner was never indicted for exceeding sentencing authority.

(Quoted in Return of Writ, Doc. No. 9, PageID 37-38.)

## Grounds One and Two

In Ground One, Petitioner avers he received ineffective assistance of trial counsel in two

---

[3] Misspelled in the Return of Writ as "allocate."

[1]

respects: (1) failure to assert that Cincinnati Police Officer David Hall committed perjury in his affidavit in support of the search warrant on which evidence in the case was seized from his residence and (2) failure to allocute his sentence.  Petitioner has not explained in his Petition, his Reply, or his Motion for Summary Judgment what he means by the second branch of this claim, so the Court will direct its analysis only to the first branch.

Respondent argues this Ground for Relief is procedurally defaulted by Petitioner's failure to properly present it to the state courts.  The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

This claim is based on evidence in the record, so Petitioner would have been required to raise

it on direct appeal, rather than in a petition for post-conviction relief under Ohio Revised Code § 2953.21. *State v. Perry*, 10 Ohio St. 2d 175 (1967). It is undisputed that Petitioner did not raise the claim on direct appeal. As excusing cause, he asserts his direct appeal counsel also provided ineffective assistance. The appropriate vehicle for raising a claim of ineffective assistance of appellate counsel in Ohio is by application to reopen under Ohio R. App. P. 26(B). The First District Court of Appeals ruled on the merits of this claim, holding:

> In his application, Harris contends that his appellate counsel was ineffective in advancing his second assignment of error, challenging the overruling of his motion to suppress the fruits of the search of his residence. Appellate counsel, Harris insists, should have argued that trial counsel had been ineffective in failing to challenge the search warrant on the ground that it had issued upon a police officer's "false" affidavit. But trial counsel did challenge the warrant on the proposed basis. Thus, Harris's proposed challenge to appellate counsel's effectiveness in this regard fails in its underlying premise.

(Entry Overruling Motion to Reopen Appeal, Ex. 38 to Return of Writ, PageID 210.)

Thus, as the Court of Appeals succinctly put it, trial counsel did make the perjury argument. Appellate counsel could not have been ineffective for failing to argue trial counsel did not do something which in fact he did. This clearly constitutes a ruling on the merits of the ineffective assistance of appellate counsel claim.

When a state court rules on the merits of a constitutional claim, a federal habeas corpus court later reviewing the same claim cannot set aside the state court's judgment unless it is objectively unreasonable. *Terry Williams v. Taylor*, 529 U.S. 362 at 412 (2000). This conclusion is not objectively unreasonable as is shown by the extensive quotation in the Return of Writ from trial counsel's cross-examination of Officer Hall (Doc. No. 9, PageID 50-53). Ground Two is therefore without merit and cannot be used to provide excusing cause for failure to present Ground One on

appeal. And based on the findings of the Court of Appeals, Ground One is also without merit.

Therefore, Ground One should be denied with prejudice as procedurally defaulted and, alternatively, as without merit. Ground Two should be denied as without merit.

### Ground Three

In Ground Three Mr. Harris asserts his conviction for having weapons under disability is void because the indictment did not include a required *mens rea* element.

Respondent asserts this Ground for Relief is procedurally defaulted because "it has never been presented to any state court." (Return of Writ, Doc. No. 9, PageID 44.) Petitioner responds by quoting Proposition of Law No. 2 from Exhibit 40 to the Return of Writ:

> Defendant-Appellant's conviction and sentence [for] nonsupport of dependents and weapons under disability are void because the statute and count in the indictment fail to chare [sic] a mens rea element.

*Id.* at PageID 222. Exhibit 40 is Petitioner's Memorandum in Support of Claimed Jurisdiction on his appeal from the First District Court of Appeals' denial on remand of his application to reopen his direct appeal. Thus Respondent is inaccurate in claiming Petitioner never presented Ground Three to the Ohio courts.

Nonetheless, Ground Three is procedurally defaulted because Petitioner did not properly present it to the Ohio courts. This appeal on collateral review is the first time Petitioner attempted to raise this claim. He did not raise it on direct appeal to the First District Court of Appeals and did not appeal at all to the Ohio Supreme Court on direct appeal. He did not raise it in his Application to Reopen the direct appeal, and it is firmly established that the Ohio Supreme Court will not

consider a claim which has not been presented to the Court of Appeals. ¶ 2 of the syllabus in *State v. Williams,* 51 Ohio St. 2d 112, 364 N.E. 2d 1364 (1977)(*Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), approved and followed.). This explicitly includes constitutional questions. *State v. Phillips,* 27 Ohio St. 2d 294, 272 N.E. 2d 347 (1971).

Because Petitioner failed to properly present Ground Three to the state courts, it is procedurally defaulted.

## Ground Four

In Ground Four Petitioner argues his sentences are void because they exceed the minimum concurrent sentences which he contends are required by state law. As Petitioner points out, in 2005 when he committed the offenses in this case, Ohio law as enacted by Senate Bill 2 in 1996 required particular findings if a judge was going to impose a sentence above the minimum concurrent sentences provided by statute. In *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), the Ohio Supreme Court declared this sentencing scheme unconstitutional, applying *Blakely v. Washington*, 542 U.S. 296 (2004), to Ohio sentencing law. As a remedy for this unconstitutionality, the Ohio Supreme Court in *Foster* excised the requirements for any such findings and allowed Ohio judges to sentence at any point within the statutory maximum.

In this case the offenses were committed before *Foster* was decided in February, 2006, but the convictions occurred afterward and the sentencing judge did not include any of the Senate Bill 2 findings. However, there is no constitutional violation involved in applying *Foster* to offenses which occurred before it was handed down. *State v. Elmore*, 122 Ohio St. 3d 472 (2009); *Smith v.*

*Cook*, Case No. 3:08-cv-107 (S.D. Ohio Aug. 27, 2008)(Merz, M.J.); *Parker v. Warden*, 2008 WL 4547490, 2008 U.S. Dist. LEXIS 80509 (S.D. Ohio, Oct. 10, 2008)(Rice, J.); *Hooks v. Sheets,* 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008)(Beckwith, C.J.); *Ruhlman v. Warden*, 2009 U.S. Dist. LEXIS 101820 (S.D. Ohio Nov. 2, 2009)(Beckwith, J.).

Even if there were merit to this claim, it is procedurally defaulted because it was not presented on direct appeal and the First District Court of Appeals held that failure to do so was not ineffective assistance of appellate counsel because "we have consistently rejected the proposed constitutional challenges." (Opinion, Ex. 38 to Return of Writ, PageID 210.)

### Conclusion

Because all of the Grounds for Relief are procedurally defaulted (Grounds One, Three, and Four) or without merit (Ground Two) or both, the Petition should be dismissed with prejudice. Reasonable jurists would not disagree with this conclusion, so Mr. Harris should be denied a certificate of appealability if requested. Because any appeal would be objectively frivolous, Petitioner should not be permitted to appeal *in forma pauperis*. Petitioner's Motion for Summary Judgment should likewise be denied.

December 8, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Harris Habeas R&R.wpd