**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

RAHVAY HARRIS,

:

    Petitioner,                           Case No. 1:09-cv-712

:                  District Judge S. Arthur Spiegel
  -vs-                                  Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

:

    Respondent.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

       This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 18) to the Magistrate Judge's Report and Recommendations (Doc. No. 15) recommending that the Petition be dismissed with prejudice and that Petitioner's Motion for Summary Judgment (Doc. No. 12) be denied.  The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

**Grounds One and Two**

       In Ground One Petitioner asserts he received ineffective assistance of trial counsel in two respects.  The second sub-claim ("failure to allocute") was not explained in the Petition, Reply, or Motion for Summary Judgment and Petitioner does not mention it in his Objections, so no further analysis is offered on that sub-claim, which should be dismissed with prejudice as abandoned.

-1-

In the first sub-claim, Petitioner argues his trial counsel was ineffective when he failed to argue policy perjury in securing the underlying search warrant. The Magistrate Judge found this claim procedurally defaulted because, although it is based on evidence of record, it was not raised on direct appeal as required by Ohio law (Report and Recommendations, Doc. No. 15, PageID 977, citing *State v. Perry*, 10 Ohio St. 2d 175 (1967)).

Petitioner argues this conclusion is contrary to clearly established federal law, citing *Massaro v. United States*, 538 U.S. 500 (2003). In that case, the Supreme Court held that a **federal** defendant's claim of ineffective assistance of trial counsel, even though it depended on evidence in the record on direct appeal, could still be raised in a post-conviction motion to vacate under 28 U.S.C. § 2255. Petitioner's objection, however, ignores the distinction between post-conviction process for state and federal prisoners. *Massaro* speaks only to post-conviction process for federal defendants and does not purport to state a constitutional rule applicable to the States.

In contrast Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967), has been repeatedly held to be an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). Because *Massaro* only applies to federal convictions, it is not applicable here.

Petitioner alternatively sought to excuse his procedural default of not raising this sub-claim on direct appeal by asserting that the failure to raise it was ineffective assistance of appellate counsel. This is Ground Two of the Petition. As the Report notes, Harris properly presented this

ineffective assistance of appellate counsel claim to the Hamilton County Court of Appeals which rejected it on the merits, concluding trial counsel had challenged the police officer's affidavit on the same grounds on which Harris urged it should have been challenged (Entry Overruling Motion to Reopen Appeal, Ex. 38 to Return of Writ, PageID 210).

Harris now says this finding of fact is overcome by clear and convincing evidence to the contrary, arguing without citation to the record that "trial counsel fail[ed] to cite to police officer Hall's perjured affidavit." However, the Motion to Suppress asserts "The warrant for the search was fatally defective, and could not be relied upon in good faith." (Ex. 12 to Return of Writ, Doc. No. 9-1, PageID 84). On appeal, appellate counsel argued the Motion to Suppress was improperly overruled stating

> In the present case, the only information available to the officers, prior to the issuance of the warrant, was the word of a confidential informant, who had been provided by the U.S. Secret Service. There was no independent evidence provided, in the affidavit that Specialist Hall knew that this informant was reliable. In fact, Specialist Hall testified that he did not personally observe any transaction between Appellant and the informant nor was there any wire, marked money or any corroborating evidence that a transaction even occurred.

(Appellant's Brief, Ex. 23 to Return of Writ, at PageID 119; see also PageID 113.) Thus both trial counsel and appellate counsel attacked the underlying search warrant on numerous grounds and in those attacks mentioned Officer Hall's admission that he did not personally witness the transaction which he had claimed in the search warrant affidavit he had seen.

The actual statement in the affidavit which Petitioner claims was perjured is Officer Hall's statement that the drug transaction "had occurred within 72 hours, and that it had occurred 'under the surveillance of the affiant and other [police officers].'" Although Officer Hall admitted that he had not personally seen the transaction, that does not make the statement in the affidavit perjurious,

as the actual transaction could have been observed by other officers who reported their observations to Hall for purposes of the warrant. A search warrant affiant is entitled to rely on and report to the issuing magistrate reliable hearsay, in this case from other law enforcement personnel.

Given that there were other stronger grounds for attacking the warrant and that counsel both at trial and on appeal argued those grounds, it cannot be said that the asserted perjury was a stronger ground of attack. An appellate attorney is not obliged to raise every conceivable claim of error or ineffective assistance of trial counsel from the trial court. Thus Petitioner has not shown that he in fact received ineffective assistance of appellate counsel or that the conclusion of the Hamilton County Court of Appeals to that effect is an objectively unreasonable application of clearly established federal law. Ground One for Relief is procedurally defaulted and the default is not excused by ineffective assistance of appellate counsel as asserted in Ground Two.

Petitioner argues as to his second Ground for Relief that, because the record does not show that either trial or appellate counsel made the perjury claim, in finding that they did so, both the Court of Appeals and the Magistrate Judge are relying on personal knowledge and this has somehow deprived him of an impartial tribunal as required by *Tumey v. Ohio*, 273 U.S. 510 (1927).

In denying the Application to Reopen the Direct Appeal, the Court of Appeals wrote:

> Appellate counsel, Harris insists, should have argued that trial counsel had been ineffective in failing to challenge the search warrant on the ground that it had issued upon a police officer's "false" affidavit. But trial counsel did challenge the warrant on the proposed basis. Thus, Harris's proposed challenge to appellate counsel's effectiveness in this regard fails in its underlying premise.

(Entry Overruling Motion to Reopen Appeal, Ex. 38 to Return of Writ, PageID 210.) The Court of Appeals opinion is quite summary on this point. It is true, as Mr. Harris acknowledged in his Application to Reopen (Exhibit 27 to Return of Writ, Doc. No. 9, PageID 158), that his trial counsel

challenged the correctness of Hall's affidavit in the motion to suppress and engaged in the cross-examination at trial which resulted in Hall's admitting that he did not personally see the transaction. What Mr. Harris complained of in his Application to Reopen is that his trial attorney did not file a motion for new trial based on the asserted perjury. If the Court of Appeals opinion is read as holding that trial counsel did make a perjury claim in a motion for new trial, then Mr. Harris would be correct: any such finding would indeed be contrary to the record. But that would not result in granting relief because making this claim in a motion for new trial would have been a futile gesture. A motion for new trial is not an opportunity under Ohio law to re-do the pretrial motion to suppress. To prevail on a motion for new trial, Mr. Harris would have had to show the trial court that he had somehow been denied a fair trial by the asserted perjury. Officer Hall admitted that he did not see the transaction personally, but the affidavit does not say that he did - it says he and other officers had Mr. Harris under surveillance. It is very unlikely that the trial judge would have found this inconsistency to amount to perjury and ordered a new trial on that basis. Mr. Harris' underlying claim – that his trial attorney was ineffective for not filing what would very likely have been a futile motion – has no merit. Neither the trial attorney nor the appellate attorney provided ineffective assistance in not raising this claim, even giving the Court of Appeals' decision on the point the reading Mr. Harris claims for it.

**Ground Three**

In Ground Three Mr. Harris asserts his conviction for having weapons under disability is void because the indictment did not include a required *mens rea* element. The Magistrate Judge found this claim procedurally defaulted for failure to present it on direct appeal or in the Application to Reopen the Direct Appeal; Harris presented it for the first time in appealing from denial of his 26(B) Application.

Petitioner objects that *State v. Clay*, 120 Ohio St. 3d 528 (2008), requires a finding of recklessness as to knowledge that one is under indictment to support a conviction for having a weapon under the disability of being under indictment. However, *Clay* does not hold that "recklessness" must be pled in the indictment, but only that recklessness must be proved at trial. Moreover, in *Clay* the recklessness element applied to the defendant's awareness of being under indictment. Mr. Harris was not charged with having a weapon while under indictment; he was charged with having a forearm after having been convicted of drug trafficking in the Hamilton County Common Pleas Court in Case No. B0304403 on October 6, 2003. Although one can be indicted *in absentia* and thus be reckless in not being aware that one has been indicted, one cannot be convicted *in absentia* and thus a person is necessarily aware that he or she has been convicted. Applying a *mens rea* element to this part of the Ohio statute would make no sense, *Clay* does not require it, and Harris points to no other case law in point. Because there is no Ohio case law holding (1) that recklessness is the applicable *mens rea* for having a weapon under the disability of having been convicted of drug trafficking or (2) that an indictment which lacks that element is void and confers no jurisdiction, Harris' argument that the conviction is void on that basis is moot and Ground

Three is without merit even if, as Harris argues, a lack of jurisdiction claim cannot be procedurally defaulted.

**Ground Four**

In Ground Four Petitioner argues his sentences are void because they exceed the minimum concurrent sentences which he contends are required by state law. In the Report, the Magistrate Judge found this claim to be without merit and also procedurally defaulted because not raised on direct appeal (Report and Recommendations, Doc. No. 15, PageID 979-980).

In *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), the Ohio Supreme Court held that the judicial fact-finding required under Senate Bill 2 to justify more than minimum concurrent sentences was unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004). As a remedy, it excised those portions of Senate Bill 2 which required such judicial fact-finding. Three years after *Foster*, the United States Supreme Court decided in *Oregon v. Ice*, 555 U.S. 160 (2009), that the *Apprendi-Blakely* principles did not apply to consecutive sentencing, essentially because imposing consecutive sentences was done by judges and not juries at common law. Mr. Harris argues that *Oregon v. Ice* "implicitly overrule[d] *State v. Foster*." Actually, the implication from *Oregon v. Ice* is that the *Foster* remedy was not necessary as it relates to consecutive sentences, that Ohio could properly have required judicial fact-finding for consecutive sentences. But neither the Ohio Supreme Court nor the Ohio General Assembly has taken the necessary next step of applying Oregon v. Ice and reinstating the required judicial fact-finding for consecutive sentences required by Senate Bill 2 in 1996. In fact the Ohio Supreme Court has expressly rejected the proposition that

*Foster* eliminated the authority to impose consecutive sentences in *State v. Elmore*, 122 Ohio St. 3d 472 (2009), a decision handed down after *Oregon v. Ice*. It is of course a question of state law whether Common Pleas judges have the authority to impose consecutive sentences without judicial fact-finding and *Foster* and *Elmore* establish that they do. Thus there was no due process violation in the imposition of consecutive sentences in this case.

## Conclusion

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be denied with prejudice and that Mr. Harris also be denied a certificate of appealability and leave to appeal *in forma pauperis*.

January 10, 2011.

s/ <b>Michael R. Merz</b><br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D). **Because Petitioner has had ample opportunity to present his arguments in this case, no further extensions of time will be granted.** Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).