# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAHVAY HARRIS,

    Petitioner,

           -vs-

WARDEN, Lebanon Correctional
  Institution,

    Respondent.

Case No. 1:09-cv-712

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 20) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. No. 19) recommending for a second time that the Petition be dismissed with prejudice and that Petitioner's Motion for Summary Judgment (Doc. No. 12) be denied. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed. Because Petitioner's most recent Objection raises arguments not previously made, the Magistrate Judge offers the following supplemental analysis.

### Grounds One and Two

In Ground One, Harris asserts his trial attorney was ineffective for failure to move for a new trial on the grounds that the search warrant affidavit for the critical search was based on perjured

testimony. In Ground Two he complains that his appellate attorney did not raise on direct appeal the ineffective assistance of trial counsel for failing to make this new trial motion.

The Magistrate Judge has recommended dismissal of Ground One as both procedurally defaulted and without merit. The procedural default arises from the Ohio criminal *res judicata* doctrine: a claim based on record error but not raised on direct appeal is barred from later merit consideration. *State v. Perry*, 10 Ohio St. 2d 175 (1967). The lack of merit is based on the great probability a state trial judge would not grant a new trial based on a defendant's perceived inconsistency between a police officer's affidavit and his trial testimony, particularly an inconsequential inconsistency such as the one Harris relies on.

In his most recent Objections, Harris says *res judicata* applies only if the trial court has subject matter and personal jurisdiction. But this case was tried in the Hamilton County Common Pleas Court which plainly has subject matter jurisdiction to try felony drug cases and Harris has offered no basis to doubt that court's jurisdiction over his person, acquired by his arrest within that jurisdiction.

Harris also notes that ineffective assistance of appellate counsel will excuse a procedural default, citing *Murray v. Carrier,* 477 U.S. 478 (1986). This of course is Harris' Ground Two. The Magistrate Judge concluded Ground Two was without merit because the claim of ineffective assistance of trial counsel for failure to move for a new trial on the basis of the alleged perjury was very weak.

Harris' most recent Objection is confusing on this point. He seems to argue that reliance on an affidavit for issuance of a search warrant violated his Confrontation Clause rights under *Crawford v. Washington,* 541 U.S. 36 (2004). But the Supreme Court has never held that a potential defendant

has a fight of confrontation with a search warrant affiant before the warrant is issued. The affidavit could not later be offered as substantive evidence at trial – that would violate the Confrontation Clause. Ultimately, the right of confrontation is a trial right, unrelated to the Fourth Amendment right to have search warrants issued only upon a finding of probable cause upon sworn testimony before a neutral magistrate.

At several points in his most recent Objection, Harris cites *Carpenter v. Mohr*, 163 F.3d 938 (6th Cir. 1998). That decision was expressly overruled by the Supreme Court. *Edwards v. Carpenter,* 529 U.S. 446 (2000).

### Ground Three

In Ground Three Mr. Harris asserts his conviction for having weapons under disability is void because the indictment did not include a required *mens rea* element. In the original Report, the Magistrate Judge found this claim procedurally defaulted for failure to present it on direct appeal or in the Application to Reopen the Direct Appeal; Harris presented it for the first time in appealing from denial of his 26(B) Application. In his first set of Objections, Harris relied on *State v. Clay*, 120 Ohio St. 3d 528 (2008), which the Magistrate Judge distinguished in the Supplemental Report and Recommendations. In his most recent Objections, Harris relies on *State v. Johnson,* 2009 Ohio 3101, 2009 Ohio App. LEXIS 2593 (Ohio App. 8th Dist. June 25, 2009). In that case the Cuyahoga County Court of Appeals held that a jury in a weapons under disability case had to find the defendant acted recklessly. Thus the *Johnson* opinion in the Court of Appeals does support Harris'

position. However, the Court of Appeals was reversed by the Ohio Supreme Court on precisely this point. *State v. Johnson*, ___ Ohio St. 3d ___, 2010 Ohio 6301, 2010 Ohio LEXIS 3297. Consequently Ground Three is without merit.

Ground Three is also procedurally defaulted. Mr. Harris attempts to avoid procedural default by arguing that the absence of this element of recklessness deprived the Common Pleas Court of jurisdiction and claims of lack of subject matter jurisdiction cannot be procedurally defaulted. Even if that is true, the Ohio Supreme Court has held in *Johnson, supra*, that recklessness is not an element required to be in the indictment and then proved.

It is therefore again respectfully recommended that Ground Three be dismissed with prejudice.

## Ground Four

In Ground Four Petitioner argues his sentences are void because they exceed the minimum concurrent sentences which he contends are required by state law. In the original Report, the Magistrate Judge found this claim to be without merit and also procedurally defaulted because not raised on direct appeal (Report and Recommendations, Doc. No. 15, PageID 979-980).

In his second Objections, Mr. Harris continues to insist that the Ohio Supreme Court could not, as a matter of Ohio law, do what they purported to do in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). He bases this on Art. I, § 18 of the Ohio Constitution which purports to preclude suspension of the laws except by the General Assembly. What the Ohio Supreme Court

did in Foster was not to suspend Ohio Revised Code § 2929.14(B) and (E), but sever them from the statutes as a remedy for their unconstitutionality in part under *Blakely v. Washington*, 542 U.S. 296 (2004). That is, the operation of those laws has not been suspended. Rather, they have been revoked or declared null and void.

Even if what the Ohio Supreme Court did in *Foster* violates Ohio constitutional law, that would not make it a violation of the United States Constitution. Mr. Harris' argument on this point in his current Objections essentially claims that to hold otherwise would deprive him of due process of law. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993).

Mr. Harris adds nothing in the current Objections on the question of procedural default of this fourth Ground for Relief.

**Conclusion**

It is again respectfully recommended that the Petition be dismissed with prejudice and the Petitioner's Motion for Summary Judgment be denied, that the Petitioner be denied leave to appeal *in forma pauperis*, and that he be denied a certificate of appealability.

January 21, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).