UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAHVAY HARRIS, :
:
    Petitioner, : NO. 1:09-CV-712
:
  v. :
: **OPINION AND ORDER**
WARDEN, LEBANON CORRECTIONAL :
    INSTITUTION :
    Respondent. :

    This matter is before the Court on the Magistrate Judge's December 9, 2010 Report and Recommendation (doc. 15). Petitioner filed objections (doc. 18); the Magistrate Judge filed a Supplemental Report and Recommendation in response (doc. 19); Petitioner objected again (doc. 20); the Magistrate Judge filed a Second Supplemental Report (doc. 21); and Petitioner again objected (doc. 22). For the following reasons, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, as well as both Supplementals, in their entirety (docs. 15, 19, 21).

**I. The Magistrate Judge's Report & Petitioner's Objections**

    In brief, Petitioner seeks habeas relief regarding his state convictions of having weapons under disability and of several felony drug offenses and possession of criminal tools (doc. 1). He submits four grounds for relief: ineffective assistance of counsel; ineffective assistance of appellate counsel; that his weapons conviction was obtained in violation of the Due Process clause of

the Fourteenth Amendment; and that his sentence of 21.5 years of imprisonment was imposed in violation of the Due Process clause of the Fourteenth Amendment (doc. 15).

With respect to Ground One, the Magistrate Judge recommends that the petition be denied with prejudice as both procedurally defaulted since Petitioner failed to raise it on direct appeal and on the merits because of the great probability that a new trial would not be granted based on Petitioner's perceived inconsistency between an affiant's statement and his trial testimony (Id.). With respect to Ground Two, the Magistrate Judge recommends that the petition be denied on the merits since "appellate counsel could not have been ineffective for failing to argue trial counsel did not do something which in fact he did" (Id.). Regarding Ground Three, the Magistrate Judge recommends that the petition be denied because that ground is procedurally defaulted as a result of Petitioner failing to raise it on direct appeal or in his application to reopen the direct appeal (Id.). Finally, with respect to Ground Four, the Magistrate Judge recommends that the petition be denied both procedurally (for failure to properly present it to the state courts) and on the merits, because there is no constitutional violation in applying the mandates set forth in State v. Foster, 845 N.E.2d 470 (2006) to offenses that occurred before the date of that decision (Id.). Because each of the grounds for relief was either procedurally defaulted or meritless, the

Magistrate Judge recommends that the petition be denied with prejudice, that no certificate of appealability issue, that an appeal would be frivolous so Petitioner should not be permitted to appeal in forma pauperis, and that Petitioner's motion for summary judgment be denied (Id.).

Petitioner objects as follows. As to Ground One, his ineffective assistance of counsel claim, Petitioner contends that the Magistrate Judge's conclusion that his claim was procedurally defaulted because it was not raised on direct appeal is contrary to clearly established federal law (doc. 18, citing Massaro v. United States, 538 U.S. 500 (2003); Murray v. Carrier, 477 U.S. 478 (1986)). Further, he cites Franks v. Delaware, 438 U.S. 154 (1978) as support for his assertion that the Magistrate Judge failed to determine whether the search at issue was conducted in violation of the Fourth Amendment (Id.). In addition, Petitioner argues that any procedural default was caused by his appellate counsel's ineffectiveness, thus excusing the default (Id.).

With respect to Ground Two, his ineffective assistance of appellate counsel claim, Petitioner contends that the Magistrate Judge relied on his own personal knowledge rather than the record evidence to determine that trial counsel had challenged the officer's affidavit on the grounds Petitioner contends it should have been challenged (Id.). He asserts that "clear and convincing evidence" shows that "trial counsel fail[ed] to cite to police

3

officer Hall's perjured affidavit" (Id.). However, he does not cite to any specific portion of the record for this evidence. Petitioner argues that the Magistrate Judge's recommendation is contrary to clearly established law because "at no time has the State court's [sic] and/or the Magistrate Judge determined whether a violation of the Petitioner's Fourth & Fourteenth Amendment rights...were denied him (Id., citing Franks, 438 U.S. 154).

In Ground Three, Petitioner argues that his conviction for weapon under disability is void because the indictment did not include the mens rea of reckless (Id.). Petitioner objects to the Magistrate Judge's conclusion that this claim was procedurally defaulted for failure to present it on direct appeal or in the application to reopen the direct appeal (Id.). To support his objection, Petitioner points to State v. Clay, 120 Ohio St.3d 528, 900 N.E.2d 1000 (2008), which he reads to hold that any indictment in Ohio charging the offense of weapon under disability must charge the "essential element of mens rea of 'recklessness'" (Id.). Thus, because his indictment did not contain that mens rea, Petitioner argues that his conviction is void because the court lacked jurisdiction and that he cannot be seen to have forfeited or waived the right to challenge the state court's jurisdiction (Id.).

In Ground Four, Petitioner argues that his petition should be granted because the state court had jurisdiction to impose only the minimum concurrent sentence and that it lacked jurisdiction to

4

impose the consecutive sentences it imposed (Id.). He objects to the Magistrate Judge's conclusion that this claim was procedurally defaulted for failure to raise it on direct appeal (Id.). Specifically, Petitioner contends that the Supreme Court implicitly overruled State v. Foster, 845 N.E.2d 470 (Ohio 2006), which case held that the judicial fact-finding previously required to justify more than minimum concurrent sentences was unconstitutional (Id., citing Oregon v. Ice, 555 U.S. 160 (2009)). According to Petitioner, Ice means that the Ohio court did not have jurisdiction to sentence him to anything beyond the minimum concurrent sentence (Id.).

**II. Discussion**

    **A. Counts One & Two: Ineffective Assistance of Trial and Appellate Counsel**

Petitioner's reliance on Massaro to refute the Magistrate Judge's recommendation on this count is misplaced. As the Magistrate Judge noted in his Supplemental Report, Massaro dealt with a federal prisoner, and the standards applicable to federal prisoners differ from those applicable to state prisoners applying to federal courts for habeas relief. (doc. 19, citing Massaro v. United States, 538 U.S. 500 (2003)). Petitioner was convicted by the State of Ohio for state crimes. Because Massaro applies only to those convicted of federal crimes, it can offer Petitioner no aid.

5

Murray, which Petitioner cites in his various objections, is likewise unsupportive of Petitioner's position. Indeed, Murray held, inter alia, that the failure of counsel to recognize the factual or legal basis for a claim, or failure to raise the claim despite recognizing it, does not constitute cause for a procedural default. 477 U.S. at 486. In addition, Murray notes that "cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." Id. at 492. Thus Murray actually hurts more than helps Petitioner's claim because his assertion is that any procedural default was because his appellate attorney failed to raise the issue, and Murray supports the conclusion that, absent some external impediment, such an assertion is insufficient.

Petitioner repeatedly asserts that neither trial nor appellate counsel argued that Officer Hall's affidavit statement that he observed the drug transaction was perjury. This assertion, however, is belied by the record. Trial counsel filed and argued a motion to suppress, in which the warrant was attacked. And appellate counsel, in appealing the denial of the motion to suppress, specifically argued that Officer Hall testified that he did not personally witness any drug transactions involving Petitioner, and the warrant was defective. The record thus demonstrates that the warrant was attacked at both the trial and appellate levels on multiple grounds, including the importance of

6

Hall's statement. Counsel are certainly not required to make every argument or file every motion suggested by their clients. Here, it is not as if trial and appellate counsel did not advocate for their client. They may not have called Hall a liar or overtly accused him of perjury, but they were under no obligation to do so. This is especially so when one looks at Hall's statement, that the transaction "had occurred under the surveillance of the affiant and other [police officers]." As the Magistrate Judge observed, even if Hall later admitted that he, himself, had not witnessed the transaction, this does not turn the affidavit into perjury because the statement included the fact that other officers witnessed the transaction. Similarly, merely because Petitioner wanted his trial attorney to file a motion for a new trial on the basis that Hall admitted that he did not personally witness the transaction, trial counsel was by no means deficient for failing to make that motion. Indeed, as the Magistrate Judge noted, such a motion would likely have been futile, and counsel can hardly be called ineffective for failing to file frivolous motions.

Petitioner also appears to object to the Magistrate Judge's recommendation on this issue on the basis that his Sixth and Fourteenth Amendment rights were violated because he did not have an opportunity to confront the "other officers" (doc. 22). However, as the Magistrate Judge noted, there is no right to confront a search warrant affiant, and the right of confrontation is a trial

7

right. California v. Green, 399 U.S. 149, 157 (1970). Here, there is no evidence in the record that Petitioner was denied an opportunity to confront the witnesses against him at trial. Therefore, any reliance on Crawford v. Washington, 541 U.S. 36 (2004) and its progeny is misplaced.

With respect to Petitioner's Franks argument, Petitioner appears to misunderstand the relevance of Franks to his case. First, Franks was a direct appeal to the Supreme Court and did not involve habeas review. 438 U.S. at 155. Second, the issue presented by Franks was whether a criminal defendant ever has the right to challenge the truthfulness of factual statements made in an affidavit supporting a warrant. Id. The Supreme Court held that when a defendant makes a substantial showing that a false statement was knowingly and intentionally made, and such statement was necessary for the finding of probable cause, courts must hold a hearing on the issue at the defendant's request. Id. at 156. This is simply not the issue presented here. Here, Petitioner was given an opportunity to contest the warrant, and, as noted above, he took advantage of that opportunity.

Contrary to Petitioner's assertions, Franks does not stand for the proposition that he should be entitled to habeas relief because his counsel did not argue the factual accuracy of the warrant to his satisfaction or that the Magistrate Judge-or anyone else for that matter-is somehow required to determine whether the

search violated the Fourth Amendment. To read Franks that way would eviscerate any finding ever that a habeas petition was procedurally defaulted. Petitioner had an opportunity to raise his ineffective assistance claim at the state level, and he failed to do so. Thus, the claim is procedurally defaulted, and there will be no further determination of the constitutionality of the search. Franks is not an end-run around the procedural habeas rules.

Petitioner's petition as to Grounds One and Two is denied.

**B. Ground Three: Mens Rea Lacking in Indictment**

Petitioner has presented nothing to refute the Magistrate Judge's determination that his claim in Ground Three is procedurally defaulted because he presented it for the first time in appealing from the denial of his motion to reopen the case. Therefore, the Court finds the claim procedurally defaulted.

**C. Ground Four: The Validity of his Consecutive Sentence**

Petitioner asserts that the Supreme Court's decision in Oregon v. Ice implicitly overruled Ohio's State v. Foster decision, thus rendering his consecutive sentences unconstitutional (doc. 18). However, this assertion cannot survive a reading of the Ice decision. Ice merely held that the judicial fact-finding that the Supreme Court found impermissible and remedied in Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) was not impermissible in the consecutive sentence context, largely because the decision to run sentences consecutively

9

or concurrently was historically a decision of the judge, not the jury. Oregon v. Ice, 555 U.S. 160, 162 (2009). In no way can Ice be read to overrule State v. Foster, which was a Blakely/Apprendi-based decision. Consequently, Petitioner was properly sentenced to consecutive sentences, and his petition as to Ground Four is denied.

### III. Conclusion

Having conducted a de novo review of this case, the Court finds the Magistrate Judge's Report and Recommendation and the two Supplementals thorough, well-reasoned and correct. Accordingly, the Court ADOPTS and AFFIRMS them in all respects (docs. 15, 19 and 21). Therefore, Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is DENIED WITH PREJUDICE, and Petitioner's Motion for Summary Judgment is DENIED (doc. 12). Further, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the petition because "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings and because Petitioner has failed to make a substantial showing of the denial of a constitutional right in Grounds One and Four, which the Court has found to be both procedurally defaulted and meritless, and in Ground Two, which the Court denied on the merits. Slack v. Daniel, 529 U.S. 473 (2000).

Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would

not be taken in good faith and therefore the Court DENIES Petitioner leave to appeal in forma pauperis.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.

Dated: February 22, 2011       /s/ S. Arthur Spiegel
                                   S. Arthur Spiegel
                                   United States Senior District Judge